# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE A. GANNON, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL NO. 08-cv-915-JPG |
| WARDEN HOLLINGSWORTH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner Bruce Gannon, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, he seeks credit against his federal sentence for time spent in state custody on a related conviction.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Gannon is not entitled to relief, and the petition must be dismissed.

On May 24, 1999, Gannon entered custody of the Missouri Department of Corrections to serve a five-year sentence pursuant to a conviction in state court for a drug-trafficking offense. On March 26, 2000, Gannon was released to the US Marshal to begin serving his federal sentence on

a related charge. After receiving 58 days credit on his state sentence for time spent in jail, Gannon served exactly one year in state custody. His federal sentence, imposed on May 21, 1999, was for 210 months. *United States v. Gannon*, Case No. 98-CR-00120 (W.D. Mo., filed June 11, 1998). Gannon believes that the federal judge intended him to serve an *aggregate* of 210 months, presumably because the J & C specifies "210 month(s)" (Attachment 4, Doc. 1, p. 8). From the petition and exhibits, the only basis for his argument to receive credit for his 12 months in state custody is a statement contained his PSR indicating that the state judgment stated that his state sentence "may be run concurrent with federal sentence." (Attachment 2, Doc. 1, p. 5).

Gannon acknowledges that he cannot receive federal credit for the 12 months credited to his state sentence prior to entering federal custody. *See* 18 U.S.C. § 3585(b). Therefore, he asks this Court to subtract 12 months from his federal sentence so that he will serve only 210 months in custody, rather than 222 months. Unfortunately for Gannon, this Court cannot provide this relief.

Normally a person may challenge his federal conviction or sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). In this case, Gannon is challenging the *length* of his sentence, a claim that falls squarely within the parameters of § 2255.

Gannon contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his sentence. However, the fact that he may be barred from bringing a section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does

not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective).

Moreover, the fact that his *state* judgment indicated that his *state* sentence could be run concurrently with his federal sentence does *not* require the federal court to follow suit. Nothing in his federal J&C indicates any intention by the federal court to give him credit for the 12 months in state custody, and this Court will not imagine any such intent.

Accordingly, Gannon has failed to state a claim for relief under § 2241, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: June 22, 2009.**

                                                   s/ J. Phil Gilbert
                                                   **U. S. District Judge**

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.